**FILED**
Apr 06 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  s/ gloriavocal  DEPUTY

**SEALED**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

October 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>███████████████<br>███████████████<br>███████████████<br>███████████████<br>SHAWN WOODALL (8),<br>███████████████<br><br>　　　　　Defendants. | Case No. '23 CR0618 JO<br><br>I N D I C T M E N T<br><br>████████<br>████████ Title 21, U.S.C.,<br>Secs. 952, 960 and 963 –<br>Conspiracy to Import Controlled<br>Substances; Title 21, U.S.C.,<br>Secs. 841(a)(1) and 846 –<br>Conspiracy to Distribute<br>Controlled Substances; Title 21,<br>U.S.C. Secs. 841(a)(1) and<br>841(b)(1)(B) – Distribution of<br>Fentanyl; ████████████<br>████████████████████<br>████████████████████<br>Title 18, U.S.C.,<br>Secs. 981(a)(1)(C) and 982, and<br>Title 21, U.S.C., Sec. 853, and<br>Title 28, U.S.C., Sec. 2461(c) –<br>Criminal Forfeiture |

The grand jury charges:

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

ADGO:nlv:San Diego:4/5/23

[Lines 1–12: redacted]

### Count 2

Beginning at a date unknown to the grand jury and continuing up to the date of this indictment, within the Southern District of California, and elsewhere, defendants [redacted] SHAWN WOODALL, and [redacted] did knowingly and intentionally conspire with each other and with other persons, known and unknown to the grand jury, to import a controlled substance, to wit: 400 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), and 50 grams and more of methamphetamine (actual), both Schedule II Controlled Substances; into the United States from a place outside thereof; all in violation of Title 21, United States Code, Sections 952, 960, and 963.

//
//

Count 3

Beginning on a date unknown to the grand jury and continuing up to the date of this indictment, within the Southern District of California, and elsewhere, defendants ███████████████████████████████████████████, SHAWN WOODALL, and ██████████████, did knowingly and intentionally conspire together and with each other and with other persons known and unknown to the grand jury, to distribute 400 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), and 50 grams and more of methamphetamine (actual), both Schedule II Controlled Substances; all in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

Count 4

On or about July 26, 2022, within the Southern District of California, defendant SHAWN WOODALL, did knowingly and intentionally distribute 40 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II Controlled Substance; to wit: approximately 200 grams of fentanyl; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

[lines 1–23 redacted]

FORFEITURE ALLEGATION

1. The allegations contained in Counts 1 through 6 are realleged and by their reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C)

4

and 982, and Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

2. Upon conviction of one or more of the felony offenses alleged in Counts 1 through 5 of this Indictment, said violations being punishable by imprisonment for more than one year and pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), defendants ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, SHAWN WOODALL, and ▮▮▮▮▮▮▮▮▮▮ shall forfeit to the United States all their rights, title and interest in any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as the result of the offenses, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 18, United States Code, Section 982(b), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the property listed above as being subject to forfeiture.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982, and Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

DATED: April 6, 2023.

                  A TRUE BILL:

RANDY S. GROSSMAN
United States Attorney

By: *[signature]*
ADAM GORDON
Assistant U.S. Attorney